# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **REGINALD L. DIFFENDERFER** | * |
| 319 West 30th Street | |
| Baltimore, Maryland 21211-2808 | * |
| | |
| *Plaintiff* | * |
| | |
| v. | * |
| | |
| | * |
| | |
| **UNITED STATES OF AMERICA** | |
| **Serve On:** | * |
| Jeffrey A. Taylor, | |
| United States Attorney for | * |
| the District of Columbia | |
| Office of the United States Attorney for | * |
| the District of Columbia | |
| Judiciary Center | * |
| 555 Fourth Street, NW | |
| Washington, D.C. 20530 | * |
| | |
| **Serve On:** | * |
| Michael B. Mukasey, | |
| Attorney General of the United States | * |
| United States Department of Justice | |
| 950 Pennsylvania Avenue, NW | * |
| Washington, D.C. 20530 | |
| | * |
| *and* | |
| | * |
| **VERNE BETLACH, R.PH., FIACP** | |
| 6519 Nicollett Avenue South | * |
| Richfield, Minnesota 55423 | |
| | * |
| **Serve on:** | |
| Verne Betlach, R.Ph., FIACP | * |
| 6519 Nicollett Avenue South | |
| Richfield, Minnesota 55423 | * |
| | |
| *and* | * |
| | |
| **VERNE BETLACH, R.PH., FIACP** | * |

**d/b/a**
**CUSTOM RX COMPOUNDING**                    *
**AND NATURAL PHARMACY**
6519 Nicollett Avenue South                   *
Richfield, Minnesota 55423
                                              *
**Serve on:**                                 *
Verne Betlach, R.Ph., FIACP
6519 Nicollett Avenue South                   *
Richfield, Minnesota 55423
                                              *
*and*
                                              *
**CUSTOM RX COMPOUNDING**
**PHARMACY, INC.**                            *
6519 Nicollett Avenue South
Richfield, Minnesota 55423                    *

                                              *
**Serve on:**
Verne Betlach                                 *
6519 Nicollett Avenue South
Richfield, Minnesota 55423                    *

       *Defendants*                           *

                                              *

  *    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT AND PRAYER FOR JURY TRIAL AS TO DEFENDANT VERNE BETLACH, R.PH., FIACP, DEFENDANT VERNE BETLACH, R.PH., FIACP d/b/a CUSTOM RX COMPOUNDING AND NATURAL PHARMACY AND DEFENDANT CUSTOM RX COMPOUNDING PHARMACY, INC.

## COMPLAINT AND PRAYER FOR COURT TRIAL AS TO DEFENDANT UNITED STATES OF AMERICA

Plaintiff Reginald L. Diffenderfer, by and through his attorneys, Paul Raschke, and the

Law Offices of Peter G. Angelos, P.C., bring suit against the Defendant United States of

America, Defendant Verne Betlach, R. Ph., FIACP d/b/a Custom RX Compounding and Natural

2

Pharmacy, Defendant Custom RX Compounding Pharmacy, Inc., and Defendant Verne Betlach, R.Ph., FIACP, and in support thereof state the following:

## PARTIES AND JURISDICTION

1.      At all times relevant herein, Reginald L. Diffenderfer was a citizen of Maryland and lived at 319 West 30th Street, Baltimore, Maryland 21211-2808.

2.      At all times material, Defendant Verne Betlach, R.Ph., FIACP, Defendant Verne Betlach, R.Ph., FIACP d/b/a Custom RX Compounding and Natural Pharmacy, and Defendant Custom RX Compounding Pharmacy, Inc. were residents of the State of Minnesota, as set forth in further detail herein.

3.      Upon information and belief, Defendant Verne Betlach, R.Ph., FIACP (Defendant Betlach) is a natural person and citizen of the State of Minnesota, engaged in operating and doing business as "Custom RX Compounding and Natural Pharmacy," a/k/a/ "Custom RX Compounding Pharmacy, Inc." at the following address: 6519 Nicollett Avenue South, Richfield, Minnesota 55423.

4.      Upon information and belief, Defendant Verne Betlach, R.Ph., FIACP, d/b/a/ Custom RX Compounding and Natural Pharmacy is a corporation organized and existing uder the laws of Minnesota  with a principal place of business at 6519 Nicollett Avenue South, Richfield, Minnesota 55423.  Defendant Verne Betlach, R.Ph., FIACP, d/b/a Custom RX Compounding and Natural Pharmacy is referred to hereinafter as "Custom RX."

5.      Upon information and belief, Defendant Custom RX Compounding Pharmacy, Inc. is a Minnesota domestic corporation d/b/a Custom RX Compounding and Natural Pharmacy with a principal place of business and registered business address at 6519 Nicollett Avenue

3

South, Richfield, Minnesota. Verne Betlach is the resident agent. Defendant Custom RX Compounding Pharmacy, Inc. is referred tp hereinafter as "Custom RX, Inc."

6.      At all relevant times herein, Defendant Custom RX, Defendant Custom RX, Inc. and Defendant Verne Betlach engaged in continuous and substantial business in the District of Columbia.

7.      At all times relevant herein, Defendant Custom RX, Defendant Custom RX, Inc. and Defendant Betlach engaged in the compounding, preparation, design, manufacture, production, labeling, sales, promotion, importation and/or distribution of Trypan Blue 0.06% Ophthalmic Solution (Trypan Blue) for ultimate sale and/or use in the United States of America, including but not limited to, the District of Columbia, from which Defendant Custom RX, Defendant Custom RX, Inc. and Defendant Betlach derived substantial revenues.

8.      On or about August 18, 2005, Reginald L. Diffenderfer was admitted to the Veterans Administration Medical Center at 50 Irving Street, NW in Washington, D.C. for extra-capsular cataract surgery with intraocular lens implant of the left eye. The operation was performed by Maria Magone, M.D. and a resident surgeon, Jeffrey Boyd, M.D.

9.      During the cataract operation at the Veterans Administration Medical Center in Washington, D.C., Trypan Blue was injected into the anterior chamber of Mr. Diffenderfer's left eye.

10.     The Trypan Blue that was used during Mr. Diffenderfer's cataract surgery on August 18, 2005 at the Veterans Administration Medical Center in Washington, D.C. was compounded, prepared, designed, manufactured, produced, labeled, sold, promoted, and/or distributed by Defendant Custom RX, Defendant Custom RX, Inc. and Defendant Betlach.

4

11.     The Trypan Blue that was used and administered to Mr. Diffenderfer during his cataract surgery on August 18, 2005 at the Veterans Administration Medical Center in Washington, D.C. was contaminated and as a result of that contamination Mr. Diffenderfer suffered complete vision loss and blindness in his left eye.

12.     The jurisdiction of this Court as to Defendant Custom RX, Defendant Custom RX, Inc. and Defendant Verne Betlach is founded upon 28 U.S.C. §1332.

13.     The amount in controversy exceeds the jurisdictional minimum requirement of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

14.     Venue in this action lies in the District of Columbia Division pursuant to 28 U.S.C. §§88 and 1391.

15.     Jurisdiction of this Court is invoked as to Defendant United States of America pursuant to 28 U.S.C. §§1346(b) and 2671 *et seq.* Pursuant to the Federal Tort Claims Act, all necessary conditions precedent to the institution of this action against Defendant United States of America have been fulfilled.

16.     On May 22, 2006, the Plaintiff, through counsel, presented his claim to the Department of Veterans Affairs, Office of Regional Counsel, Washington, D.C.

17.     On July 2, 2008, Plaintiff was notified by Frank D. Giorno, Regional Counsel, U.S. Department of Veterans Affairs, Office of Regional Counsel, via certified mail, that Plaintiff's Administrative Tort Claim was denied.  Accordingly, Plaintiff is entitled to maintain this action against the United States of America in this Court at this time.

## FACTS RELEVANT TO ALL COUNTS

18.     Defendant Verne Betlach, R.Ph., FIACP (Defendant Betlach),  Defendant Verne

5

Betlach, R.Ph., FIACP d/b/a Custom RX Compounding and Natural Pharmacy (Defendant
Custom RX), and Defendant Custom RX Custom Compounding Pharmacy, Inc. (Defendant
Custom RX, Inc.) are engaged in business in the State of Minnesota.

19.    Upon information and belief, prior to August 1, 2005, Defendant Custom RX,
Defendant Custom RX, Inc. and Defendant Betlach engaged in the compounding, preparation,
design, manufacture, production, labeling, sales, promotion, importation and /or distribution of a
stain and/or dye substance Defendants Betlach, Custom RX, Inc. and Custom RX called Trypan
Blue 0.06% Ophthalmic Solution (Trypan Blue).

20.    Trypan Blue is used in the eyes during cataract surgery.

21.    On or about August 1, 2005, the Veterans Administration Medical Center at 50
Irving Street NW in Washington, D.C. placed an order for  syringes of Trypan Blue with
Defendants Custom RX, Custom RX, Inc. and Betlach.

22.    Defendants Custom RX, Custom RX, Inc. and Betlach, by themselves and/or
through their agents servants and/or employees processed the order that was placed, on or about
August 1, 2005, by the Veterans Administration Medical Center in Washington, D.C.

23.    Defendants Custom RX, Custom RX, Inc. and Betlach, by themselves and/or
through their agents, servants and/or employees compounded, prepared, designed and/or
manufactured a batch of Trypan Blue and packaged, labeled and shipped syringes from that
batch, along with syringes from a pre-existing batch to the Veterans Administration Medical
Center at 50 Irving Street NW in Washington, D.C.  This order was placed on or about August 1,
2005 by the Veterans Administration Medical Center in Washington, D.C.

24.    On or about August 18, 2005, Reginald L. Diffenderfer was admitted to the

Veterans Administration Medical Center at 50 Irving Street NW in Washington, D.C. for extra-capsular cataract surgery with intraocular lens implant of the left eye. The operation was performed by Maria Magone, M.D. and a resident surgeon, Jeffrey Boyd, M.D.

25.     During the cataract operation on August 18, 2005, an air bubble was injected into the anterior chamber of Mr. Diffenderfer's left eye, followed by the administration of Trypan Blue 0.06% Ophthalmic Solution (Trypan Blue), a stain and/or dye manufactured by Defendants Custom RX, Custom RX, Inc. and Betlach.

26.     During Mr. Diffenderfer's cataract surgery on August 18, 2005, Trypan Blue Ophthalmic Solution was allowed to remain in the anterior chamber of Mr. Diffenderfer's left eye for thirty (30) seconds to stain the anterior lens capsule.

27.     The Trypan Blue that was administered to Mr. Diffenderfer during the cataract surgery on August 18, 2005 was contained in a single dose syringe.

28.     On or about August 21, 2005 Mr. Diffenderfer was examined at the Veterans Administration Medical Center in Baltimore, Maryland, complaining of pain in the left eye and that he had been unable to see out of his left eye since the extra-capsular cataract surgery that was performed by Doctors Magone and Boyd at the Veterans Administration Medical Center in Washington, D.C. on August 18, 2005.

29.     On or about August 24, 2005, Mr. Diffenderfer presented to the Veterans Administration Medical Center at 50 Irving Street NW in Washington, D.C. with pain and acute endophthalmitis in his left eye.

30.     On August 24, 2005 Mr. Diffenderfer was admitted to the Veterans Administration Medical Center in Washington, D.C. for a tap of the vitreous and intravitreal

7

injection of antibiotics.  A pars plana vitrectomy with repeat injection of antibiotics was

performed.  Mr. Diffenderfer remained on intravenous antibiotics for Pseudomonas infection.  He

was discharged September 2, 2005 on topical antibiotic therapy.

      31.     On August 24, 2005 a gram stain of Mr. Diffenderfer's left eye was ordered at the

Veterans Administration Medical Center in Washington, D.C.

      32.     On August 24, 2005 a specimen of Mr. Diffenderfer's intravitreal left eye was

collected at the Veterans Administration Medical Center at 50 Irving Street NW in Washington,

D.C. and was submitted for culture.

      33.     The specimen that was collected from Mr. Diffenderfer's left eye on August 24,

2005 was cultured and was positive for Pseudomonas aeruginosa.

      34.     On or about August 25, 2005, OEO was notified by the Centers for Disease

Control of two adverse event reports from the Veterans Administration Medical Center at 50

Irving Street NW, Washington, D.C.  Two patients had cataract surgery on August 18, 2005 at

the Veterans Administration Hospital in Washington, D.C. and were subsequently diagnosed (on

August 21, 2005 and August 24, 2005) with Pseudomonas aeruginosa infections and loss of

vision.

      35.     On or about August 25, 2005, the Centers for Disease Control determined that the

cataract surgical procedures that were performed at the Veterans Administration Medical Center

at 50 Irving Street NW, Washington, D.C. on August 18, 2005 utilized Trypan Blue 0.06%

Ophthalmic Solution.  The Trypan Blue used by the Veterans Administration Medical Center in

Washington, D.C. on August 18, 2005 was compounded by Defendants Custom RX, Custom

RX, Inc. and Betlach at Custom RX Compounding and Natural Pharmacy, 6519 Nicollet Avenue

South, Richfield, Minnesota 55423.

36.    On or about August 25, 2005, the chief pharmacist at the Veterans Administration Medical Center in Washington, D.C. contacted Michael S. Haag, Pharm.D. at Custom RX Compounding and Natural Pharmacy, 6519 Nicollet Avenue South, Richfield, Minnesota regarding a problem with Trypan Blue 0.06% Ophthalmic Solution.  The chief pharmacist at the Veterans Administration Medical Center in Washington, D.C. reported to Michael Haag that two patients who had cataract surgery at the Veterans Administration Medical Center in Washington, D.C. developed infections after the administration of Trypan Blue during their surgical procedures.

37.    On or about August 26, 2005 inspection of the pharmacy and/or premises of Custom RX Compounding and Natural Pharmacy, 6519 Nicollet Avenue South, Richfield, Minnesota was assigned by the Center for Drug Evaluation and Research, Division of New Drugs and Labeling Compliance, Compounding Team, FACTS Assignment #662867.

38.    On or about August 26, 2005 a Food & Drug Administration (FDA) 482 Notice of Inspection and a regulated businesses letter was issued to Michael S. Haag, Pharm.D., at Custom RX Compounding and Natural Pharmacy, 6519 Nicollet Avenue South, Richfield, Minnesota.

39.    On or about August 26, 2005, an inspection of the pharmacy and/or premises at Custom RX Compounding and Natural Pharmacy, 6519 Nicollet Avenue South, Richfield, Minnesota was conducted.  The inspection was conducted with the Minnesota Board of Pharmacy.

40.    On or about August 26, 2005 Michael S. Haag, Pharm.D. of Custom RX

Compounding and Natural Pharmacy, 6519 Nicollet Avenue South, Richfield, Minnesota was interviewed in conjunction with the inspection of the pharmacy and/or premises of Custom RX Compounding and Natural Pharmacy, 6519 Nicollet Avenue South, Richfield, Minnesota. Michael Haag stated to the inspector/s that none of the Trypan Blue Ophthalmic Solution lots were sent out for sterility testing before being shipped.

41.     On or about August 26, 2005, the FDA issued a Recall-Firm Press Release: **"Custom-RX Compounding Pharmacy Issues Nationwide Recall of Trypan Blue 0.06% Ophthalmic Solution.  FOR IMMEDIATE RELEASE** - Richfield, MN - August 26, 2005 - Custom RX Compounding Pharmacy of Richfield, Minnesota is initiating a nationwide recall of Trypan Blue 0.06% Ophthalmic Solution because it may be contaminated with *Pseudomonas aeruginosa*, a bacteria that, if applied to the eyes, might lead to serious injury, including possible blindness. Use of Trypan Blue which is being recalled should stop immediately.  Trypan Blue was distributed to hospitals and clinics in MD, MN, IL, NE, ND, MI, DC and PA.  This product is intended for ophthalmic use (in the eyes) during cataract surgery.  FDA requires that all ophthalmic products be sterile.  The solution is dark blue in appearance and is packaged in one cc sterile tuberculin syringes.  Custom RX Pharmacy is asking that all unexpired syringes be collected and returned to the pharmacy.  The recall includes, but may not be limited to the following lot numbers: 05042005:86@17, 05252005:36@13, 06282005:91@27, 08012005:63@24, and 08182005:43@17.  The pharmacy has voluntarily recalled the products based on two reports of loss of vision possibly associated with use of the product as reported by CDC and a positive bacterial culture obtained at an outside hospital.  Custom RX has verified the processes and technicians involved in the preparation of this medication.  The pharmacy has been

10

apprising the Food & Drug Administration (FDA) of the recall efforts and is working [with] them

on its investigation into the cause of the contamination.  The pharmacy immediately began

notifying customers and/or distributors and working with the Centers for Disease Control (CDC),

has called each individual hospital and clinic to arrange for the return, destruction and

reimbursement of all recalled product."

42.     On or about August 29, 2005 inspectors interviewed Defendant Verne E. Betlach

of Custom RX Compounding and Natural Pharmacy, 6519 Nicollet Avenue South, Richfield,

Minnesota 55423.  Defendant Betlach stated to the inspector/s that the first sample of Trypan

Blue was sent for testing on August 25, 2005. No sterility or endotoxin testing of the Trypan

Blue product was conducted prior to August 25, 2005.

**COUNT I**
**NEGLIGENCE**
**(AGAINST DEFENDANT UNITED STATES OF AMERICA)**

43.     Plaintiff incorporates herein by reference paragraphs 1 through 42 above, as if

fully set forth herein.

44.     The Veterans Administration Medical Center at 50 Irving Street NW is a health

facility in the District of Columbia, duly licensed and accredited, and providing health care

services to individuals in need thereof.  During the time frames complained of herein, the

Veterans Administration Medical Center in Washington, D.C., through its agents, employees,

and/or servants, provided care to Plaintiff Reginald L. Diffenderfer.  As such, the Veterans

Administration Medical Center owed to the Plaintiff a duty to conform its conduct to the

prevailing standards of care, by itself, and through its agents, servants and/or employees.

45.     At all times relevant herein, Maria Magone, M.D., Jeffrey Boyd, M.D., and

11

nursing staff, represented themselves to the Plaintiff and the general public as health care providers practicing in the District of Columbia who possessed that degree of skill, knowledge, and ability possessed by reasonable competent medical practitioners practicing under the same or similar circumstances as those involving the care of Plaintiff Reginald L. Diffenderfer. As such, Drs. Magone and Boyd and the nursing staff owed to the Plaintiff a duty to conform their conduct to the prevailing standards of care, by themselves, and through their agents, servants and/or employees.

46.     At all times pertinent herein, the Veterans Administration Medical Center in\ Washington, D.C. and Drs. Magone and Boyd and the nursing staff, provided health care services to Plaintiff Reginald L. Diffenderfer as agents, servants and/or employees of the United States of America. As such, Defendant United States of America owed to the Plaintiff a duty to conform its conduct to prevailing standards of care, by itself, and through its agents, servants and/or employees. Defendant United States of America is liable for the actions of its agents, servants and/or employees, including the Veterans Administration Medical Center in Washington, D.C. and Drs. Magone and Boyd and the nursing staff.

47.     The Plaintiff alleges that Defendant United States of America, including its agents, servants, and/or employees, owed to the Plaintiff a duty to exercise that degree of skill, judgment, and care expected of a reasonably competent medical practitioner practicing under the same or similar circumstances, which duty included the use and administration of sterile ophthalmic solution, stain and/or dye during extra-capsular cataract surgery with intraocular lens implant of the left eye of Plaintiff Reginald L. Diffenderfer without injury upon the Plaintiff which Defendant United States of America failed to do.

48.     Defendant United States of America was negligent in that, by itself and through its agents, servants and/or employees, including the Veterans Administration Medical Center in Washington, D.C. and Drs. Magone and Boyd and the nursing staff it failed to use, store, handle, administer, maintain and/or overall possess and utilize sterile ophthalmic solution, stain and/or dye during extra-capsular cataract surgery with intraocular lens implant of the left eye of Plaintiff Reginald L. Diffenderfer and were otherwise negligent.

49.     The Plaintiff alleges that Defendant United States of America, including its agents, servants, and/or employees, owed to the Plaintiff a duty to exercise that degree of skill, judgment, and care expected of a reasonable competent medical practitioner practicing under the same or similar circumstances, which duty included the use, storage, handling, administration, maintenance and/or overall possession and utilization of sterile Trypan Blue 0.06% Ophthalmic Solution during extra-capsular cataract surgery with intraocular lens implant of the left eye of Plaintiff Reginald L. Diffenderfer without injury upon the Plaintiff which Defendant United States of America failed to do.

50.     ·Defendant United States of America was negligent in that, by itself and through its agents, servants and/or employees, including the Veterans Administration Medical Center in Washington, D.C. and Drs. Magone and Boyd and the nursing staff failed to handle, maintain, store, use and administer sterile Trypan Blue 0.06% Ophthalmic Solution during extra-capsular cataract surgery with intraocular lens implant of the left eye of Plaintiff Reginald L. Diffenderfer and were otherwise negligent.

51.     Plaintiff alleges that at all times pertinent herein, all health care providers who cared for Plaintiff Reginald L. Diffenderfer on August 18, 2005 at the Veterans Administration

Medical Center in Washington, D.C., including Drs. Magone and Boyd an the nursing staff were acting as employees, servants, and/or agents (actual or apparent) of Defendant United States of America. At all times pertinent herein, said health care providers acted within the scope of said employment and/or agency with Defendant United States of America.

52.    On August 18, 2005, Reginald L. Diffenderfer was admitted to the Veterans Administration Medical Center at 50 Irving Street NW in Washington, D.C. for extra-capsular cataract surgery with intraocular lens implant of the left eye. The operation was performed by Maria Magone, M.D. and a resident surgeon, Jeffrey Boyd, M.D.

53.    Maria Magone, M.D., with assistance from resident surgeon, Jeffrey Boyd, M.D., negligently used, handled, injected and administered contaminated ophthalmic solution, stain and/or dye into the left eye of Plaintiff Reginald L. Diffenderfer, allowing the contaminated solution, stain and/or dye to remain in the anterior chamber of Mr. Diffenderfer's left eye for thirty (30) seconds to stain the anterior lens capsule.

54.    Maria Magone, M.D., with assistance from resident surgeon, Jeffrey Boyd, M.D., negligently used, handled, injected and administered contaminated Trypan Blue 0.06% Ophthalmic Solution into the left eye of Plaintiff Reginald L. Diffenderfer, allowing the contaminated Trypan Blue product to remain in the anterior chamber of Mr. Diffenderfer's left eye for thirty (30) seconds to stain the anterior lens capsule.

55.    After surgery on August 18, 2005, Mr. Diffenderfer was examined at the Veterans Administration Medical Center in Baltimore, Maryland complaining of pain in his left eye and that he had been unable to see out of his left eye since the extra-capsular surgery that was performed by Drs. Magone and Boyd at the Veterans Administration Medical Center in

14

Washington, D.C. on August 18, 2005.

56.     On or about August 24, 2005, Mr. Diffenderfer presented to the Veterans

Administration Medical Center in Washington, D.C. with pain and acute endophthalmitis in his

left eye.

57.     A specimen that was collected from Mr. Diffenderfer's left eye on August 24,

2005 at the Veterans Administration Medical Center in Washington, D.C. was cultured and was

positive for Pseudomonas aeruginosa.

58.     As a result of Defendant United States of America's negligence, including its

agents, servants, and/or employees, Plaintiff Reginald L. Diffenderfer sustained severe and

complete vision loss and blindness in his left eye as a direct and proximate result of Defendant

United States of America's negligent use, storage, handling, administration, failure to conduct

sterility testing, and/or overall possession and utilization of contaminated Trypan Blue

Ophthalmic Solution, stain and/or dye by the Veterans Administration Medical Center in

Washington, D.C. and/or its employees, servants, and/or agents (actual or apparent).

59.     As a result of Defendant United States of America's negligence, including its

agents, servants, and/or employees, Plaintiff Reginald L. Diffenderfer developed endophthalmitis

of his left eye. As a result, Mr. Diffenderfer underwent further invasive procedures and treatment

to his eye, but no return of vision occurred, and he is now permanently blind as a direct result of

the negligence of Defendant United States, including its agents, servants, and/or employees.

60.     As a result of Defendant United States of America's negligence, including its

agents, servants, and/or employees, Mr. Diffenderfer has suffered cosmetic scarring to the left

eye and surrounding area. In addition, the eye itself is scarred and deformed, and Plaintiff

Reginald L. Diffenderfer has been fitted with an artificial eye and requires future medical

treatment, including future periodic replacement of the artificial eye.

61.     The Defendant United States of America, by itself and through its agents,

servants, and/or employees, breached the standard of care by, *inter alia*, negligently and

carelessly:

      (a)     Failing to use, utilize and/or administer sterile ophthalmic
solution, stain and/or dye;

      (b)     Failing to use, utilize and/or administer sterile Trypan Blue
0.06% Ophthalmic Solution;

      (c)     Failing to store, handle, maintain and/or overall possess
sterile ophthalmic solution, stain and/or dye;

      (d)     Failing to store, handle, maintain and/or overall possess
sterile Trypan Blue 0.06% Ophthalmic Solution;

      (e)     Using, utilizing, injecting and/or administering
contaminated ophthalmic solution, stain and/or dye
into the left eye of Reginald L. Diffenderfer;

      (f)     Using, utilizing, injecting and/or administering
contaminated Trypan Blue 0.06% Ophthalmic Solution,
stain and/or dye into the left eye of Reginald L. Diffenderfer;

      (g)     Allowing non-sterile, contaminated solution, stain
and/or dye to remain in the anterior chamber of Mr.
Diffenderfer's left eye for thirty (30) seconds;

      (h)     Allowing non-sterile, contaminated Trypan Blue 0.06%
Ophthalmic Solution to remain in the anterior chamber
of Mr. Diffenderfer's left eye for thirty (30) seconds;

      (i)     Failure to use reasonable care to use, utilize, administer,
store, handle, maintain and/or overall possess sterile and/or
non-contaminated ophthalmic solution, stain and/or dye;

      (j)     Failure to use reasonable care to use, utilize, administer,

store, handle, maintain and/or overall possess sterile and/or
non-contaminated Trypan Blue 0.06% Ophthalmic Solution;

(k)     Using, utilizing, injecting and/or administering ophthalmic
solution, stain and/or dye that was not tested for sterility
and/or did not have endotoxin testing;

(l)     Using, utilizing, injecting and/or administering Trypan Blue
0.06% Ophthalmic Solution, stain and/or dye that was not
tested for sterility and/or did not have endotoxin testing;
and

(m)     Failing to otherwise comply with accepted standards of care.

62.     As a direct and proximate result of the aforementioned negligence, Mr.

Diffenderfer suffered pain, sustained severe and permanent vision loss in the left eye, has

suffered cosmetic scarring to the left eye and surrounding area, and the left eye is scarred and

deformed.  In addition, Mr. Diffenderfer has been fitted with an artificial eye and requires future

medical treatment, including future periodic replacement of the artificial eye and otherwise

unnecessary medical interventions and other medical care.

63.     Plaintiff alleges that the negligence of Defendant United States of America was a

proximate cause of the serious and irreversible injuries suffered, with the Plaintiff Reginald L.

Diffenderfer in no way being contributorily negligent.

WHEREFORE, Plaintiff Reginald L. Diffenderfer demands judgment against Defendant

United States of America in the full sum of Seven Hundred and Fifty Thousand  ($750,000.00)

Dollars, plus costs, interest and what other relief this Court deems appropriate.


**COUNT II**
**NEGLIGENCE**
**(AGAINST DEFENDANT VERNE BETLACH, R.PH., FIACP,**

17

**DEFENDANT VERNE BETLACH, R.PH., FIACP, D/B/A**
**CUSTOM RX COMPOUNDING AND NATURAL PHARMACY**
**AND DEFENDANT CUSTOM RX COMPOUNDING PHARMACY, INC.)**

64.    Plaintiff incorporates herein by reference paragraphs 1 through 63, as if fully set forth herein.

65.    On or about August 18, 2005, Plaintiff Reginald L. Diffenderfer was admitted to the Veteran's Administration Medical Center at 50 Irving Street NW in Washington, D.C. for extra-capsular cataract surgery with intraocular lens implant of the left eye.

66.    During the cataract operation on August 18, 2005, an air bubble was injected into the anterior chamber of Mr. Diffenderfer's left eye, followed by the administration of Trypan Blue 0.06% Ophthalmic Solution (Trypan Blue), a stain and/or dye compounded, prepared, designed, manufactured, produced, labeled, sold, promoted, imported and/or distributed by Defendant Verne Betlach, R.Ph., FIACP (Defendant Betlach), and /or his agents, servants and/or employees,  Defendant Verne Betlach, R.Ph., FIACP, d/b/a Custom RX Compounding and Natural Pharmacy (Defendant Custom RX), and/or its agents, servants and/or employees, and Defendant Custom Compounding Pharmacy, Inc., and/or its agents, servants and/or employees.

67.    During Mr. Diffenderfer's cataract surgery on August 18, 2005, Trypan Blue Ophthalmic Solution was allowed to remain in the anterior chamber of Mr. Diffenderfer's left eye for thirty (30) seconds to stain the anterior lens capsule.

68.    Mr. Diffenderfer was subsequently diagnosed with Pseudomonas aeruginosa infection and loss of vision.

69.    On or about August 25 or August 26, 2005, it was determined that the Trypan Blue 0.06% Ophthalmic Solution that was used during Mr. Diffenderfer's cataract surgery on

August 18, 2005 was contaminated.

70.     The Trypan Blue 0.06% Ophthalmic Solution that was used during Mr. Diffenderfer's surgery was compounded, prepared, designed, manufactured, produced, labeled, sold, promoted, imported and/or distributed by Defendant Betlach, and/or his agents, servants and/or employees, Defendant Custom RX, and/or its agents, servants and/or employees, and Defendant Custom RX, Inc., and/or its agents, servants and/or employees.

71.     As a result of the negligence of Defendant Betlach, Defendant Custom RX, Inc. and Defendant Custom RX and/or its agents, servants and/or employees, Plaintiff Reginald L. Diffenderfer sustained severe and complete vision loss and blindness in his left eye as a direct and proximate result of Defendants' negligent compounding, preparation, design, manufacturing, production, failure to conduct sterility testing or endotoxin testing and importation and/or distribution of contaminated Trypan Blue 0.06% Ophthalmic Solution, stain and/or dye by Defendants Betlach, Custom RX, Inc. and Custom RX and/or its employees, servants and/or agents.

72.     As a result of Defendant Betlach, Defendant Custom RX and Defendant Custom RX, Inc.'s  negligence, including its agents, servants and/or employees, Plaintiff Reginald L. Diffenderfer developed endophthalmitis of his left eye.  As a result, Mr. Diffenderfer underwent invasive procedures and treatment to his eye, but no return of vision occurred.  Mr. Diffenderfer is now permanently blind as a direct result of the negligence of Defendant Betlach, Defendant Custom RX, Inc. and Defendant Custom RX, including its agents, servants, and/or employees.

73.     As a result of Defendant Betlach, Defendant Custom RX, Inc. and Defendant Custom RX's negligence, including its agents, servants and/or employees, Mr. Diffenderfer has

suffered cosmetic scarring to the left eye and surrounding area. In addition, the eye itself is scarred and deformed, and Plaintiff Reginald L. Diffenderfer has been fitted with an artificial eye and requires future medical treatment, including future periodic replacement of the artificial eye.

74.    At all relevant times herein, Defendants Betlach, Custom RX, Inc. and Custom RX and/or its agents, servants and/or employees owed Plaintiff Reginald L. Diffenderfer a duty to use reasonable care in compounding, preparing, designing, manufacturing, producing, labeling, selling, promoting, importing and/or distributing Trypan Blue for ultimate sale and/or use during Mr. Diffenderfer's surgery on August 18, 2005 at the Veterans Administration Medical Center in Washington, D.C.

75.    At all relevant times herein, Defendants Betlach, Custom RX, Inc. and Custom RX and/or its agents, servants and/or employees owed Plaintiff Reginald L. Diffenderfer a duty to conduct sterility testing and endotoxin testing of Trypan Blue 0.06% Ophthalmic Solution lots prior to selling, labeling, promoting, shipping and/or distributing the Trypan Blue product to the Veterans Administration Medical Center in Washington, D.C.

76.    At all relevant times herein, Defendants Betlach, Custom RX, Inc. and Custom RX and/or its agents, servants and/or employees owed Plaintiff Reginald L. Diffenderfer a duty to conduct sterility testing and endotoxin testing of the Trypan Blue 0.06% Ophthalmic Solution that was used during Plaintiff Reginald L. Diffenderfer's extra-capsular cataract surgery on August 18, 2005 at the Veterans Administration Medical Center in Washington, D.C.

77.    It was foreseeable to Defendants Betlach, Custom RX, Inc. and Custom RX and/or its agents, servants and/or employees that if the Trypan Blue solution that was used during Plaintiff Reginald L. Diffenderfer's cataract surgery was contaminated, this contamination would

20

result in severe and permanent injuries to Mr. Diffenderfer, including loss of vision, scarring, pain and deformity.

78.     It was foreseeable to Defendants Betlach, Custom RX, Inc. and Custom RX and/or its agents, servants and/or employees that if the Trypan Blue solution that was used, compounded, prepared, designed, manufactured, produced, labeled, sold, promoted, imported and/or distributed by Defendants Betlach, Custom RX, Inc. and Custom RX was contaminated, this contamination would result in a dangerous condition that would be hazardous to others, including Plaintiff Reginald L. Diffenderfer.

79.     Defendants Betlach, Custom RX, Inc. and Custom RX and/or its agents, servants and/or employees breached the duty owed to Plaintiff Reginald L. Diffenderfer when they acted in a negligent manner, including but not limited to the following:

> (a) Failure to use reasonable care to compound, prepare, design, manufacture, produce, label, sell, promote, import and/or distribute Trypan Blue Ophthalmic Solution in a manner that was safe for its intended and foreseeable use, not defective, not contaminated, and/or not unreasonably dangerous;

> (b) Compounding, preparing, designing, manufacturing, producing, labeling, selling, promoting, importing and/or distributing Trypan Blue Opthalmic Solution without ensuring it was safe for its intended use, not defective, not contaminated and not unreasonably dangerous;

> (c) Failure to use reasonable care to adequately warn foreseeable users, purchasers, medical patients and individuals such as Reginald L. Diffenderfer who would be administered and/or impacted by the use of Trypan Blue Opthalmic Solution, of the dangers and potential dangers that were known and/or reasonably foreseeable and/or suspected in connection with Trypan Blue and/or its use, including but not limited to contamination, and/or vision loss;

> (d) Failure to timely discover the defects, contamination and/or dangerous condition existing with Trypan Blue, including the

21

Trypan Blue that was sold and/or distributed to the Veteran's
Administration Medical Center in Washington, D.C. and utilized
during Reginald L. Diffenderfer's cataract surgery;

(e) Failure to comply with and/or use reasonable care to comply
with the standards of care, including accepted industry standards
and government regulations, connected to the compounding,
preparing, designing, manufacturing, producing, testing for
sterility, labeling, selling, promoting, importing and/or distributing
Trypan Blue solution;

(f) Failure to use reasonable care to timely recall, correct or
otherwise prevent the continued use of Trypan Blue solution
in a defective, contaminated and/or unreasonably dangerous condition;

(g) Failure to use reasonable care to investigate and/or use known
and/or knowable, reasonable alternative designs, manufacture and
processes of Trypan Blue solution;

(h) Failure to use reasonable care to investigate and/or use known
and/or knowable sterility testing and/or endotoxin testing of Trypan
Blue solution before sales, shipment and/or distribution of Trypan Blue;

(i) Failure to use reasonable care to make Trypan Blue solution
safe and/or incorporate safeguards to ensure Trypan Blue solution
was not defective, not contaminated and/or unreasonably dangerous;

(j) Failure to provide adequate warnings regarding known or reasonably
foreseeable dangers of Trypan Blue solution;

(k) Failure to provide adequate warnings regarding no sterility testing
 and/or endotoxin testing of Trypan Blue solution before sales,
shipment and/or distribution of  Trypan Blue;

(l) Failure to conduct sterility testing of Trypan Blue solution;

(m) Failure to conduct endotoxin testing of Trypan Blue solution;

(n) Failure to compound, prepare, design, manufacture, produce,
label, sell, promote, import and/or distribute Trypan Blue solution
in a manner so as not to render it defective, contaminated and/or
unreasonably dangerous;

22

and

(o) Failure to compound, prepare, design, manufacture, produce, label, test, sell, promote, import and/or distribute Trypan Blue solution in the manner consistent with the applicable codes, regulations and industry standards.

80.     As a direct and proximate result of the aforementioned negligence, Mr. Diffenderfer suffered pain, sustained severe and permanent vision loss in his left eye, has suffered cosmetic scarring to the left eye and surrounding area, and the left eye is scarred and deformed. In addition, Mr. Diffenderfer has been fitted with an artificial eye and requires future medical treatment, including future periodic replacement of the artificial eye and otherwise unnecessary medical interventions and other medical care.

81.     As a direct and proximate result of the negligence of Defendant Verne Betlach, R.Ph., FIACP (Defendant Betlach), Defendant Verne Betlach, R.Ph., FIACP, d/b/a Custom RX Compounding and Natural Pharmacy (Defendant Custom RX), and Defendant Custom RX Compounding Pharmacy, Inc. (Defendant Custom RX, Inc.) Plaintiff Reginald L. Diffenderfer suffered serious and irreversible injuries, with the Plaintiff Reginald L. Diffenderfer in no way being contributorily negligent.

82.     At all times material hereto, Defendants acted with the conscious disregard of the foreseeable harm caused by Trypan Blue 0.06% Ophthalmic Solution warranting an award of punitive damages to Mr. Diffenderfer.

83.     At all times material hereto, Defendants' conduct exhibited a level of care evidencing fraud, ill-will, and such recklessness warranting an award of punitive damages to Plaintiff.

84.    All times material hereto, Defendants compounded, prepared, designed, manufactured, produced, labeled, sold, promoted, imported and/or distributed Trypan Blue 0.06% Ophthalmic Solution with wilful and intentional disregard to the individual rights of Reginald L. Diffenderfer, warranting an award of punitive damages to Mr. Diffenderfer.

85.    Defendants thereby acted with oppression, fraud and malice toward Reginal L. Diffenderfer, who accordingly requests that the trier of fact, in the exercise of its sound discretion, award additional damages for the sake of example, and for the purpose of punishing Defendants for their conduct, in amounts sufficiently large to be an example to others, and to deter these Defendants and others from engaging in similar conduct in the future.

WHEREFORE, Plaintiff Reginald L. Diffenderfer demands compensatory damages against Defendant Verne Betlach, R.Ph., FIACP, Defendant Verne Betlach, R.Ph., FIACP, d/b/a Custom RX Compounding and Natural Pharmacy and Defendant Custom RX Compounding Pharmacy, Inc., jointly and severally, in the amount of Five Million ($5,000,000.00) Dollars, and punitive damages in the amount of Five Million ($5,000,000.00) Dollars, plus costs, interest and what other relief this Court deems appropriate.

## COUNT III
## BREACH OF WARRANTY
### (AGAINST DEFENDANT VERNE BETLACH, R.PH., FIACP, DEFENDANT VERNE BETLACH, R.PH., FIACP, D/B/A CUSTOM RX COMPOUNDING AND NATURAL PHARMACY AND DEFENDANT CUSTOM RX COMPOUNDING PHARMACY, INC.)

86.    Plaintiff incorporates herein by reference paragraphs 1 through 85 as if fully set forth herein.

87.    At all relevant times to this Complaint, Defendants Verne Betlach, R.Ph., FIACP,

Defendant Verne Betlach, R.Ph., FIACP, d/b/a Custom RX Compounding and Natural Pharmacy

and Defendant Custom RX Compounding Pharmacy, Inc. warranted, both expressly and impliedly

that the Trypan Blue 0.06% Ophthalmic Solution (Trypan Blue), which was manufactured and sold

to be used at locations, clinical settings, medical institutions and centers where Plaintiff Reginald

L. Diffenderfer and others were foreseeably known to use this product or to be administered this

product, was of merchantable quality, and the product was fit, safe and in proper condition for the

ordinary use for which it was sold, designed, manufactured, and/or used.

88.    In reliance upon such warranties of merchantability, consumers and users of the

Trypan Blue solution, such at the Veterans Administration Medical Center in Washington, D.C. and

the Plaintiff, Reginald L. Diffenderfer, used and/or was administered Trypan Blue solution, believing

that this could be done in safety and without risk of injury.

89.    The Trypan Blue solution that was sold, distributed and/or utilized during Reginald

L. Diffenderfer's cataract surgery was not of merchantable quality and/or for use, but rather was

unfit, unsafe and was dangerous in the manner and for the use intended by exposing users, patients,

and the Plaintiff Reginald L. Diffenderfer to Pseudomonas aeruginosa, a bacteria that, if applied to

the eyes could and did result in serious injuries and blindness.

90.    Defendants Betlach, Custom RX, Inc. and Custom RX knew and/or had reason to

know that the Trypan Blue solution was unsafe and potentially could expose persons using the

product and/or to whom the product was administered to risk of injury, including blindness.

91.    The unfit and unsafe condition of the product constituted a breach of warranties of

merchantability and fitness for a particular use and the breaches were the proximate cause of the

harm and damages suffered by the Plaintiff Reginald L. Diffenderfer.

92.    As a direct and proximate result of the negligence/breach of warranty of Defendant Betlach, and his agents, servants, and/or employees, and the negligence/breach of warranty of Defendant Custom RX, and/or its agents, servants, and/or employees, and the negligence/breach of warranty of Defendant Custom RX, Inc., and/or its agents, servants, and/or employees, Reginald L. Diffenderfer suffered pain, sustained severe and permanent vision loss in his left eye, has suffered cosmetic scarring to the left eye and surrounding area, and the left eye is scarred and deformed.  In addition, Mr. Diffenderfer has been fitted with an artificial eye and requires future medical treatment and otherwise unnecessary medical interventions and other medical care.

93.    At all times material hereto, Defendants acted with the conscious disregard of the foreseeable harm caused by Trypan Blue 0.06% Ophthalmic Solution warranting an award of punitive damages to Mr. Diffenderfer.

94.    At all times material hereto, Defendants' conduct exhibited a level of care evidencing fraud, ill-will, and such recklessness warranting an award of punitive damages to Plaintiff.

95.    All times material hereto, Defendants compounded, prepared, designed, manufactured, produced, labeled, sold, promoted, imported and/or distributed Trypan Blue 0.06% Ophthalmic Solution with wilful and intentional disregard to the individual rights of Reginald L. Diffenderfer, warranting an award of punitive damages to Mr. Diffenderfer.

96.    Defendants thereby acted with oppression, fraud and malice toward Reginal L. Diffenderfer, who accordingly requests that the trier of fact, in the exercise of its sound discretion, award and additional damages for the sake of example, and for the purpose of punishing Defendants

26

for their conduct, in amounts sufficiently large to be an example to others, and to deter these Defendants and others from engaging in similar conduct in the future.

WHEREFORE, Plaintiff Reginald L. Diffenderfer demands compensatory damages against Defendant Verne Betlach, R.Ph., FIACP, Defendant Verne Betlach, R.Ph., FIACP d/b/a Custom RX Compounding and Natural Pharmacy, and Defendant Custom RX Compounding Pharmacy, Inc., jointly and severally, in the amount of Five Million ($5,000,000.00) Dollars, and punitive damages in the amount of Five Million ($5,000,000.00) Dollars, plus costs, interest and what other relief this Court deems appropriate.

## COUNT IV
## STRICT LIABILITY
### (AGAINST DEFENDANT VERNE BETLACH, R.PH., FIACP,
### DEFENDANT VERNE BETLACH, R.PH., FIACP, D/B/A
### CUSTOM RX COMPOUNDING AND NATURAL PHARMACY
### AND DEFENDANT CUSTOM RX COMPOUNDING PHARMACY, INC.)

97.     Plaintiff incorporates herein by reference paragraphs 1 through 96 as if fully set forth herein.

98.     At all times relevant to this case Defendant Verne Betlach, R.Ph., FIACP (Defendant Betlach), Defendant Verne Betlach, R.Ph., FIACP, d/b/a Custom RX Compounding and Natural Pharmacy (Defendant Custom RX), and Defendant Custom RX Compounding Pharmacy, Inc. (Custom RX, Inc.) compounded, prepared, designed, manufactured, produced, labeled, sold, promoted, imported, distributed and placed in the stream of commerce Trypan Blue 0.06% Ophthalmic Solution which was defective and unreasonably dangerous for which they are strictly liable.

27

99.    The Trypan Blue 0.06% Ophthalmic Solution was:

(a) Defectively compounded;

(b) Defectively prepared;

(c) Defectively designed;

(d) Defectively manufactured;

(e) Defectively produced;

(f) Defectively sold;

(g) Defectively distributed;

(h) Not safe for its intended use;

(i) Contaminated;

(j) Lacked adequate sterility testing and endotoxin testing;

(h) Lacked proper and necessary safeguards to ensure that it was not contaminated;

(i) Did not contain sufficient, adequate warnings to advise users and individuals to whom the product would be administered that the product was not tested for sterility;

(j) Did not contain sufficient, adequate warnings to advise users and individuals to whom the product would be administered that there was no endotoxin testing of the product;

(k) Did not contain sufficient, adequate warnings to advise users and individuals to whom the product would be administered that the product was defective and unreasonably dangerous in nature and warn of the dangers of using and administering the product during surgical procedures; and,

(l) Was defective and unreasonably dangerous and caused and created an unreasonably dangerous condition and threat to persons.

100.    Defendants Betlach, Custom RX, Inc. and Custom RX placed the Trypan Blue 0.06% Ophthalmic Solution in the stream of commerce knowing and expecting, and/or with reason to know that the Trypan Blue solution which they compounded, prepared, designed, manufactured, produced, labeled, sold, promoted, imported, and/or distributed, if contaminated, would create an unreasonably dangerous and defective condition.

101.    At the time that Plaintiff Reginald L. Diffenderfer suffered injury and loss of vision, the Trypan Blue solution was in substantially the same defective and unreasonably dangerous condition as existed when it was compounded, prepared, designed, manufactured, produced, labeled, sold, promoted, imported and/or distributed and/or otherwise placed into the stream of commerce by Defendants Betlach, Custom RX, Inc. and Custom RX.

102.    The pain, injuries and loss of vision of Reginald L. Diffenderfer was a direct and proximate result of the compounding, design, manufacture, production, sale, supply, distribution and/or defective preparation of the Trypan Blue solution which created an unreasonably dangerous condition that exposed Reginald L. Diffenderfer to an unreasonable risk of injury, harm and loss of vision for which Defendants Betlach, Custom RX, Inc., and Custom RX are strictly liable.

103.    The unreasonably dangerous condition created by the Trypan Blue solution, which rendered it unsafe, and unfit, and unreasonably dangerous was known to and/or should have been anticipated by Defendants Betlach, Custom RX, Inc., and Custom RX.

104.    As a direct and proximate result of the conduct of Defendant Betlach, Defendant Custom RX, Inc. and Defendant Custom RX, for which they are each strictly liable, Plaintiff Reginald L. Diffenderfer suffered pain, sustained severe and permanent vision loss in his left eye, has suffered cosmetic scarring to the left eye and surrounding area, and the left eye is scarred and

29

deformed. In addition, Mr. Diffenderfer has been fitted with an artificial eye and requires future medical treatment, including future periodic replacement of the artificial eye and otherwise unnecessary medical interventions and other medical care.

105. At all times material hereto, Defendants acted with the conscious disregard of the foreseeable harm caused by Trypan Blue 0.06% Ophthalmic Solution warranting an award of punitive damages to Mr. Diffenderfer.

106. At all times material hereto, Defendants' conduct exhibited a level of care evidencing fraud, ill-will, and such recklessness warranting an award of punitive damages to Plaintiff.

107. All times material hereto, Defendants compounded, prepared, designed, manufactured, produced, labeled, sold, promoted, imported and/or distributed Trypan Blue 0.06% Ophthalmic Solution with wilful and intentional disregard to the individual rights of Reginald L. Diffenderfer, warranting an award of punitive damages to Mr. Diffenderfer.

108. Defendants thereby acted with oppression, fraud and malice toward Reginald L. Diffenderfer, who accordingly requests that the trier of fact, in the exercise of its sound discretion, award and additional damages for the sake of example, and for the purpose of punishing Defendants for their conduct, in amounts sufficiently large to be an example to others, and to deter these Defendants and others from engaging in similar conduct in the future.

WHEREFORE, Plaintiff Reginald L. Diffenderfer demands compensatory damages against Defendant Verne Betlach, R.Ph., FIACP, Defendant Verne Betlach, R.Ph., FIACP, d/b/a Custom RX Compounding and Natural Pharmacy, and Defendant Custom RX Compounding Pharmacy, Inc., jointly and severally, in the amount of Five Million ($5,000,000.00) Dollars, and punitive damages

in the amount of Five Million ($5,000,000.00) Dollars, plus costs, interest and what other relief this Court deems appropriate.

_____
Paul D. Raschke
Federal Bar No.: 393174
LAW OFFICES OF PETER G. ANGELOS
*A Professional Corporation*
One Charles Center, 22nd Floor
100 North Charles Street
Baltimore, Maryland 21201
410-649-2000

*Attorneys for Plaintiff*

31

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**REGINALD L. DIFFENDERFER**          *
319 West 30th Street
Baltimore, Maryland 21211-2808        *

     *Plaintiff*                    *

v.                                    *

                                      *

**UNITED STATES OF AMERICA**
**Serve On:**                         *
Jeffrey A. Taylor,
United States Attorney for            *
the District of Columbia
Office of the United States Attorney for   *
the District of Columbia
Judiciary Center                      *
555 Fourth Street, NW
Washington, D.C. 20530                *


**Serve On:**                         *
Michael B. Mukasey,
Attorney General of the United States *
United States Department of Justice
950 Pennsylvania Avenue, NW           *
Washington, D.C. 20530
                                      *
*and*
                                      *

**VERNE BETLACH, R.PH., FIACP**
6519 Nicollett Avenue South           *
Richfield, Minnesota 55423
                                      *
**Serve on:**
Verne Betlach, R.Ph., FIACP           *
6519 Nicollett Avenue South
Richfield, Minnesota 55423            *

*and*                                 *

32

**VERNE BETLACH, R.PH., FIACP**          *
**d/b/a**
**CUSTOM RX COMPOUNDING**                *
**AND NATURAL PHARMACY**
6519 Nicollett Avenue South              *
Richfield, Minnesota 55423
                                         *
**Serve on:**
Verne Betlach, R.Ph., FIACP              *
6519 Nicollett Avenue South
Richfield, Minnesota 55423               *

*and*                                    *

**CUSTOM RX COMPOUNDING**                *
**PHARMACY, INC.**
6519 Nicollett Avenue South              *
Richfield, Minnesota 55423
                                         *
**Serve on:**
Verne Betlach                            *
6519 Nicollett Avenue South
Richfield, Minnesota 55423               *

     *Defendants*          *

                                         *

  *   *   *   *   *   *   *   *   *   *   *   *

## JURY TRIAL REQUEST AS TO DEFENDANT VERNE BETLACH, R.PH., FIACP, DEFENDANT VERNE BETLACH, R.PH., FIACP, D/B/A CUSTOM RX COMPOUNDING AND NATURAL PHARMACY AND DEFENDANT CUSTOM RX COMPOUNDING PHARMACY, INC.

The Plaintiff hereby respectfully requests his case as to Defendant Verne Betlach, R. Ph.,

FIACP d/b/a Custom RX Compounding and Natural Pharmacy, Defendant Custom RX

Compounding Pharmacy, Inc., and Defendant Verne Betlach, R.Ph., FIACP be tried by a jury.

Paul D. Raschke
Federal Bar No.: 393174
LAW OFFICES OF PETER G. ANGELOS
*A Professional Corporation*
One Charles Center, 22nd Floor
100 North Charles Street
Baltimore, Maryland 21201
410-649-2000

*Attorneys for Plaintiff*

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Reginald L. Diffenderfer | United States of America; Verne Betlach, R.PH., FIACP; Verne Betlach, R.PH., d/b/a Custom RX Compounding and Natural Pharmacy; Custom RX Compounding Pharmacy, Inc. |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

The Law Offices of Peter G. Angelos, P.C.
Once Charles Cetner
100 North Charles Street
Baltimore, MD  21201
410-649-2000

ATTORNEYS (IF KNOWN)

Paul D. Raschke

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☒ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)** OR **○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| **G.** *Habeas Corpus/ 2255* | **H.** *Employment Discrimination* | **I.** *FOIA/PRIVACY ACT* | **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| **K.** *Labor/ERISA (non-employment)* | **L.** *Other Civil Rights (non-employment)* | **M.** *Contract* | **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. §§1346(b) and 2671 et seq. and 1332, 88, 1391; $10,750,000.00 Medical Malpractice and Product Liability case.

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** 10,750,000.00<br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☒   NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 7/31/08    SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.