IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **REGINALD L. DIFFENDERFER,** | * | |
| Plaintiff | * | |
| v. | * | Case No. 1:08-cv-01338 (RJL) |
| **UNITED STATES OF AMERICA**, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' MOTION TO DISMISS

The Defendants, Verne Betlach, Verne Betlach d/b/a Custom Rx Compounding and Natural Pharmacy and Custom Rx Compounding Pharmacy, Inc. (collectively "Defendants"), by and through counsel, hereby move this Court pursuant to Fed. R. Civ. P. 12(b) to dismiss each and every claim set forth against these Defendants for Plaintiff's failure to adhere to D.C. Code § 16-2802.

Pursuant to § 16-2802 of the D.C. Medical Malpractice Proceedings Act of 2006 (the "MMPA") (effective March 14, 2007), any person who intends to file a medical malpractice action in court is required to provide notice to the health care provider ninety (90) days prior to filing suit (the "90-Day Notice"). The 90-Day Notice provision is substantive law that Plaintiff was required to follow prior to filing this diversity action. Because Plaintiff failed to adhere to the statute, this Court must dismiss each and every count against these Defendants.

As further grounds for this Motion, Defendants refer this Court to the attached Memorandum of Law.

Respectfully submitted,

_____/s/ Jeffrey J. Hines_____
Jeffrey J. Hines (Fed. Bar No. 03803)
jjh@gdldlaw.com
Aaron L. Moore – Of Counsel
amoore@gdldlaw.com
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000 (telephone)
(410) 783-4040 (fax)
**Attorneys for Defendants Verne Betlach, Verne Betlach d/b/a Custom Rx Compounding and Natural Pharmacy and Custom Rx Compounding Pharmacy, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of September, 2008, copies of the foregoing and all attachments were served *via* electronic mail upon the following:

Paul D. Raschke, Esquire
Law Offices of Peter G. Angelos
One Charles Center
100 North Charles Street
Baltimore, Maryland 21201
*Attorneys for Plaintiff*

Jeffrey A. Taylor
United States Attorney for
   The District of Columbia
Office of the United States Attorney
For the District of Columbia
Judiciary Center
555 Fourth Street, N.W.
Washington, D.C. 20530
*Attorneys for Co-Defendant USA*

Michael B. Mukasey
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
*Attorneys for Co-Defendant USA*

_____/s/ Jeffrey J. Hines_____
Jeffrey J. Hines

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **REGINALD L. DIFFENDERFER,** | * | |
| **Plaintiff** | * | |
| v. | * | Case No. 1:08-cv-01338 (RJL) |
| **UNITED STATES OF AMERICA**, *et al.*, | * | |
| **Defendants**. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS' MEMORANDUM OF LAW
### IN SUPPORT OF THEIR MOTION TO DISMISS

**I.      Overview**

This case involves the construction and application of the D.C. Medical Malpractice Proceedings Act of 2006, codified at D.C. Code § 16-2801 *et seq.* (the "MMPA") (effective March 14, 2007). Pursuant to § 16-2802 of the MMPA, any person who intends to file a medical malpractice action in court is required to provide notice to the health care provider ninety (90) days prior to filing suit (the "90-Day Notice").

On August 4, 2008, without providing these Defendants with the mandatory 90-Day Notice, Plaintiff filed this diversity action against Defendants and the United States of America ("United States"). Per Plaintiff's complaint, Plaintiff is a resident of Maryland while these Defendants reside, are incorporated, and/or conduct business primarily in Minnesota. In sum, Plaintiff is alleged to have suffered eye injuries stemming from cataract surgery at the Washington, D.C. Veterans Administration Medical Center. Plaintiff's tort claim against the United States is assumed to be

based on the Federal Tort Claims Act (the "FTCA"). As to these Defendants, however, Plaintiff asserts state common law claims, including medical malpractice.

As discussed in more detail below, because Plaintiff filed suit against Defendants, who are considered health care providers under the MMPA, alleging malpractice, Defendants were entitled to ninety (90) days notice under state law. Because, as explained below, the 90-Day Notice provision is considered substantive law, Plaintiff was required to provide Defendants with ninety (90) days notice in this diversity action. Because Plaintiff failed to do so, the statute mandates dismissal. This Court, therefore, must dismiss each and every allegation against these Defendants as a matter of law.

## II.    LEGAL ARGUMENT

### A.   The MMPA Is Applicable To Federal Diversity Actions

The issue before this Court, one of first impression, is whether Defendants were entitled to ninety (90) days notice under the MMPA prior to Plaintiff filing this diversity action. Specifically, the issue before this Court is whether the term "court", as defined under the MMPA, precludes its application to this Court. Defendants contend that it does not.

Section 16-2802 of the MMPA, provides, in relevant part:

> (a) Any person who intends to file an action in court alleging medical malpractice against a healthcare provider shall notify the intended defendant of his or her action not less than 90-Days prior to filing the action. Notice may be given by service on an intended defendant at his or her last known address registered with the appropriate licensing authority. Upon a showing of a good faith effort to give the required notice, the court may excuse the failure to give notice within the time prescribed.

D.C. Code § 16-2802(a). The term "court" is defined as "The Superior Court of The District of Columbia." D.C. Code § 16-2801. Nevertheless, as discussed below, this definition also encompasses the United States District Court for the District of Columbia.

The United States Court of Appeals, District of Columbia Circuit, considered a similar issue in *Bledsoe v. Crowley*, 849 F.2d 639, 270 U.S.App.D.C. 308 (D.C.Cir. Jun 10, 1988). In *Bledsoe,* plaintiff, a Maryland resident at the time of the incident (Plaintiff resided in the District at the time of filing), filed a diversity action in the United States District Court for the District of Columbia against two defendants alleging failure to diagnose his brain tumor. Defendants both resided in Maryland. Finding that Maryland law controlled, this Court dismissed Plaintiff's action for Plaintiff's failure to comply with the Maryland statute requiring initial arbitration of medical malpractice claims. The Maryland statute in issue stated:

> (2) An action or suit of that type may not be brought or pursued in <u>any court of this state</u> except in accordance with this subtitle.

*Id.* at 643. (emphasis added).

On appeal, Plaintiff contended that the statute, by its own terms, limits its application to Maryland state courts. The Court of Appeals disagreed and affirmed this Court's holding that the statute applied in diversity actions. Relying on the legislative history, the court reasoned that the "statute could not be construed to allow a plaintiff to avoid the requirements of arbitration merely by filing a diversity action in federal court." *Id.* The court went on to note that "the legislature did not intend to limit the federal court's jurisdiction, and that common sense requires that the definition of 'court'…must encompass the federal District Court when jurisdictional requirements are met." *Id.* at 643-644 (citing to *Ott v. Kaiser-Georgetown Community Health Plan Inc.*, 309 Md. 641, 526 A.2d 46, 50 (1987)).

As noted in *Bledsoe,* irrespective of how the term "court" is defined in the instant case, a federal court sitting in diversity must apply state substantive law. *Erie Railroad Co.* 304 U.S. 64. As in *Bledsoe*, the statute in issue should not be construed to permit a plaintiff to side-step the 90-Day Notice provision through forum-shopping. Moreover, as the court noted in *Bledsoe,* common

sense indicates that a legislature would define the term "court" to encompass its state courts. Legislatures in one state do not legislate in another. It would not make sense, in other words, for the legislature in this case to define "court" any other way.

Second, public policy demands that the 90-Day Notice provision apply to diversity actions. The MMPA was enacted for "Tort Reform" purposes. In part, the purpose of the statute was to require Plaintiffs to provide health care providers with ninety (90) days notice in order to facilitate early mediation in medical malpractice actions. This process helps discard, at an early stage, meritless claims against health care providers which in turn can drive up insurance premiums. D.C. Law 12-263. No rational reason exists why the legislature would enforce this provision in state court but allow a Plaintiff to side-step the provision through forum-shopping in federal court.

The 90-Day Notice provision in this case is the same in substance as the Maryland statute requiring initial arbitration in *Bledsoe*. Both statutes were implemented for "Tort Reform" purposes. As in *Bledsoe*, no rational reason exists to limit the 90-Day Notice provision to state court and permit a plaintiff to forum-shop their claims in federal court. As the court noted in *Bledsoe*, common sense dictates that the legislature intended, on such an important public policy issue, for the same outcome to occur in federal court as it would in state court.

**B. Pursuant To The Erie Doctrine, Because This Court Sits in Diversity, The Court Must Apply State Substantive Law**

Assuming this Court agrees that the 90-Day Notice provision is not limited to the Superior Court of The District of Columbia, this Court must decide, as a matter of first impression, whether the MMPA is substantive law that should be applied in a federal diversity action. Where jurisdiction of a case is based on diversity of citizenship, a federal court must apply state substantive law and federal procedural law. *Erie Railroad Co.* 304 U.S. at 78. The substantive/procedural distinction is to ensure that the outcome of the litigation in federal court will be substantially the

same as if the case were brought in state court. *See Guaranty Trust Co. of N.Y. v. York,* 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

This "outcome-determination" test, therefore, must be considered in reference to the dual aim of the "Erie rule: discouragement of forum shopping and avoidance of inequitable administration of the laws." *Hanna v. Plumer,* 380 U.S. 460, 468, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). If the statute is covered by a Federal Rule, however, the court must apply the Federal Rule regardless if the statute in question is substantive or procedural. *Id. at 471.*

Under *Hanna,* therefore, a court must first consider whether the 90-Day Notice provision directly conflicts with a Federal Rule. If no such conflict exists, a court must then apply the twin aims of *Erie* to determine if state law should be applied. *Id.* at 470. As addressed below, no direct conflict exists between the 90-Day Notice provision and the Federal Rules. Moreover, the 90-Day Notice provision meets the twin aims of *Erie* and must be applied as substantive law in this diversity action.

1.      <u>The 90-Day Notice Provision Does Not Directly Conflict With Any Federal Rule</u>

First, The 90-Day Notice provision is a pre-filing requirement that does not directly conflict with any Federal Rule regarding the commencement of actions. In determining whether a Federal Rule directly conflicts with state law, a federal court must consider whether the scope of the Rule is "sufficiently broad to control the issue", *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749-50, 100 S.Ct. 967, 94 L.Ed.2d 659 (1980), "thereby leaving no room for the operation of federal law." *Burlington Northern R.R. Co. v. Woods*, 480 U.S. 1, 4-5, 107 S.Ct. 967, 94 L.Ed.2d 1 (1987). "Federal courts have interpreted the Federal Rules….with sensitivity to important state interests and regulatory policies." *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 427 n. 7, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996).

Other courts have specifically held that similar pre-filing notice requirements do not directly conflict with the Federal Rules regarding commencement of actions. In *Redmond v. AstraZeneca Pharmaceuticals, LP*, 492 F.Supp.2d 575 (S.D.Miss. March 20, 2007), plaintiff brought suit in state court against drug manufacturers, medical providers and a physician for injuries allegedly sustained from taking prescription drugs. Upon removal, certain defendants moved for dismissal under Rule 12(b)(6) for Plaintiff's failure to provide pre-filing notice as required under Mississippi law. In part, the Mississippi statute stated:

> No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days prior written notice of the intention to begin the action.

*Id.* at 577.

Plaintiff argued that Mississippi's pre-filing notice conflicted with Federal Rules 3, 4 and 8, all of which deal with the commencement of an action. The court disagreed, stating that Rules 3, 4, and 8 state nothing about pre-suit notices. *See also Stanley v. U.S.*, 321 F.Supp.2d 805, 808 (N.D.W.Va.2004) (no conflict exists with Federal Rules because pre-filing notice requirement imposes "special requirements" that must be met prior to filing suit); *Smith v. Planned Parenthood Of The St. Louis*, 225. F.R.D. 233, 60 Fed.R.Serv.3d 732 (state law that went beyond what is required by the Federal Rules did not conflict with Federal Rules); *Houk v. Furman*, 613 F.Supp. 1022, 1027 (D.Me.1985) (Maine's ninety-day pre-suit notice provision does not directly conflict with a Federal Rule).

In the instant case, the 90-Day Notice provision is a special pre-filing requirement which does not directly conflict with any Federal Rule governing the commencement of an action. The purpose of the 90-Day Notice provision is just that, to provide pre-suit notice to health care professionals. By contrast, the purpose of the 90-Day Notice provision is not to govern the

commencement of actions – that is governed by the Federal Rules. In other words, while the 90-Day Notice requirement goes beyond the Federal Rules, it does not conflict with the Federal Rules.

    2.    <u>The 90-Day Notice Provision is Substantive State Law That Must Be Applied By This Court Sitting in Diversity</u>

With no direct conflict present, the Court must turn to the twin aims of *Erie* to determine if state law applies. *Hanna,* 380 U.S. at 470. Analysis of the 90-Day Notice provision demonstrates that the provision is bound up with the rights and obligations of state law so that it must be applied by this Court sitting in diversity. State law must be applied if it is "bound up with [state created' rights and obligations in such a way that its application in the federal court is required." *Smith*, 225 F.R.D. at 238 (citing *Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 535, 78 S.Ct. 893, 2.L.Ed.2d 953 (1958)); *Houk* 613 F.Supp. at 1027 (90 day pre-suit notice provision is "intimately bound up" with the rights and obligations of the parties in state medical malpractice claims and, therefore, must be applied in diversity actions).

The MMPA, in part, represents the District's effort at what is commonly referred to as "Tort Reform", and was designed for a variety of purposes including:

- the regulation of insurance rates;
- to provide for refunds for physicians who paid excessive insurance premiums;
- to improve health care delivery practices amongst obstetricians and gynecologists;
- to provide for a system of collection of information to analyze adverse events to reduce medical errors and improve health care.

D.C. Law §16-263. Furthermore, the MMPA was designed to provide health care providers with ninety (90) days notice prior to filing suit and "to require the parties to the suit to engage in mediation early in the litigation process." *Id.*

Moreover, failure to provide notice, as discussed in more detail below, mandates dismissal of the action. D.C. Code § 16-2802(c). By requiring dismissal of the action, the legislature clearly intended the 90-Day Notice provision to be substantive rather than procedural. *See Smith*, 225 F.R.D. at 241 ("By requiring dismissal for failure to adhere to the statute, the…legislature clearly intended to influence substantive outcomes.")(citing *Chamberlin v. Giampapa*, 210 F.3d 154, 161 (3d Cir.2000). Failure to apply this statute in a diversity action, therefore, would produce a different outcome compared to a state proceeding.

Different outcomes lead to forum shopping, an aim that *Erie* seeks to prevent. Plaintiffs who wish to bypass the 90-Day Notice Provision can simply file their action in federal court. Bypassing this crucial step, however, flies against the intent and strong public policy surrounding the statute, namely, providing notice so that potential claims can be resolved earlier and at less of a cost. Plaintiffs should not be able to side-step this process through forum-shopping.

Next, failure to apply the 90-Day Notice provision to a diversity action would create inequitable administration of the laws – the second aim *Erie* seeks to prevent. Failure to apply the 90-Day Notice provision would expose health care providers, such as Defendants, to added litigation costs and expenses in defending lawsuits. The same is true with regard to Plaintiffs. All parties would suffer from the added time and expense of resultant litigation that could be avoided through the 90-Day Notice provision. For such reasons, it would drastically affect the result of this action (and others) should the 90-Day Notice provision not be applied.

C. **Failure to Comply With The 90-Day Notice Provision Mandates Dismissal**

Plaintiff's failure to adhere to the 90-Day Notice provision requires dismissal of the action. Pursuant to § 16-2802(c), "[a] legal action alleging medical malpractice <u>shall not be commenced</u> in the court unless the requirements of this section have been satisfied." D.C. Code § 16-2802(c)

(emphasis added).  "The requirement of state law that the action be dismissed is no less substantive than the requirement that the notice be given."  *Redmond*, 492 F.Supp.2d 575 at 578; *See also Houk,* 613 F.Supp. 1022 (plaintiff's failure to comply with state statute requiring ninety (90) days notice prior to an action being commenced mandated federal court sitting in diversity to dismiss the action).  Plaintiff's failure to provide notice, therefore, requires this Court to dismiss the action as a matter of law.

The District of Columbia Superior Court has specifically held that failure to comply with the 90-Day Notice provision mandates dismissal.  In *Lacek v. Medstar Health, Inc., et al.,* Case No.: 07CA4351, the Honorable Judge Alprin ordered the dismissal of an action for Plaintiff's failure to comply with the 90-Day Notice provision.  A copy of Judge Alprin's Order is attached as Exhibit "A".  Judge Alprin pointed to §§ 16-2802(a) and 16-2802(c), discussed above, and noted that "it is clear that the statute was not followed here."  Judge Alprin went on to state that "[s]ince the statute clearly provides that a medical malpractice action such as this cannot be commenced unless the requirements have been satisfied, and since they clearly were not satisfied here, defendant['s]….Motion To Dismiss…must be granted."

In the instant action, Plaintiff failed to provide ninety (90) days notice and thus failed to meet the requirements of the statute.  This Court, therefore, must dismiss each and every allegation against these Defendants as a matter of law.

WHEREFORE, Defendants respectfully request their Motion For Dismissal be granted.

        Respectfully submitted,

        _____/s/ Jeffrey J. Hines_____
        Jeffrey J. Hines (Fed. Bar No. 03803)
        jjh@gdldlaw.com
        Aaron L. Moore – Of Counsel
        amoore@gdldlaw.com
        GOODELL, DEVRIES, LEECH & DANN, LLP
        One South Street, 20th Floor
        Baltimore, Maryland 21202
        (410) 783-4000 (telephone)
        (410) 783-4040 (fax)
        **Attorneys for Defendants Verne Betlach, Verne Betlach d/b/a Custom Rx Compounding and Natural Pharmacy and Custom Rx Compounding Pharmacy, Inc.**

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Bledsoe v. Crowley,* 849 F.2d 639, 270 U.S.App.D.C. 308 (D.C. Cir Jun 10, 1988)......................5-6

*Burlington Northern R.R. Co. v. Woods,* 480 U.S. 1, 4-5, 107 S.Ct. 967, 94 L.Ed.2d 1(1987)...........7

*Byrd v. Blue Ridge Rural Elec. Coop, Inc.,* 356 U.S. 525, 535, 78 S.Ct. 893 2.L.Ed.2d 953 (1958)..................................................................................................................................................9

*Chamberlin v. Giampapa,* 210 F.3d 154, 161 (3d Cir.2000)............................................................10

*Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).........4-7, 9-10

*Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 427 n. 7, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996)..................................................................................................................................................7

*Guaranty Trust Co. of N.Y. v. York,* 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).............6

*Hanna v. Plumer,* 380 U.S. 460, 468, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)...................................7, 9

*Houk v. Furman*, 613 F.Supp.1022, 1027 (D.Me.1985)................................................................8-10

*Redmond v. AstraZeneca Pharmaceuticals, LP,* 492 F.Supp.2d 575 (S.D.Miss. March 20, 2007)...........................................................................................................................................8, 10

*Smith v. Planned Parenthood Of The St. Louis,* 225.F.R.D. 233, 60 Fed.R.Serv.3d 732.................8-9

*Stanley v. U.S.*, 321 F.Supp.2d 805, 808 (N.D.W.Va2004)..................................................................8

*Walker v. Armco Steel Corp.*, 446 U.S. 740, 749-750, 100 S.Ct. 967, 94 L.Ed.2d 659 (1980)...........7

**STATE CASES**

*Lacek v. Medstar Health, Inc., et al.,* Case No. 07CA4351................................................................11

*Ott v. Kaiser-Georgetown Community Health Plan, Inc.,* 309 Md. 641, 526, A.2d 46, 50 (1987)......5

**STATUTES**

*D.C. Code § 16-2801................................................................................................................1, 4

*D.C. Code § 16-2802................................................................................................................1, 3

*D.C. Code § 16-2802(a).............................................................................................................4, 11

*D.C. Code § 16-2802(c)............................................................................................................9-11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of September, 2008, copies of the foregoing and all attachments were served *via* electronic mail upon the following:

Paul D. Raschke, Esquire
Law Offices of Peter G. Angelos
One Charles Center
100 North Charles Street
Baltimore, Maryland  21201
*Attorneys for Plaintiff*

Jeffrey A. Taylor
United States Attorney for The
    District of Columbia
Office of the United States Attorney
For the District of Columbia
Judiciary Center
555 Fourth Street, N.W.
Washington, D.C.  20530
*Attorneys for Co-Defendant USA*

Michael B. Mukasey
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C.  20530
*Attorneys for Co-Defendant USA*


                                                              /s/   Jeffrey J. Hines
                                                        Jeffrey J. Hines

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| ANNE C. LACEK | : | |
| Plaintiff, | : | |
| v. | : | Case No.: 07CA4351 |
| | : | Calendar 6 |
| MEDSTAR HEALTH, INC., ET AL., | : | Judge Alprin |
| Defendants. | : | |

### ORDER GRANTING DEFENDANT WASHINGTON HOSPITAL CENTER CORPORATION'S MOTION TO DISMISS

Before the court is defendant Washington Hospital Center Corporation's[1] Motion to Dismiss this medical malpractice action, which was filed by plaintiff on June 25, 2007, after the effective date of the Medical Malpractice Proceedings Act of 2006 (March 14, 2007). The act specifically provides that "[A]ny person who intends to file an action in the court alleging medical malpractice against a healthcare provider shall notify the intended defendant of his or her action not less than 90 days prior to filing the action." D.C. Code § 16-2802(a). The act further provides that "[a] legal action alleging medical malpractice shall not be commenced in the court unless the requirements of this section have been satisfied." D.C. Code § 16-2802(c).

It is clear that the statute was not followed here. In opposition, plaintiff notes that she forwarded a courtesy copy of the complaint to defendants' counsel, and there is no doubt that she did. However, that copy was forwarded by fax on June 29, 2007, four days after the action had been filed, and certainly not in compliance with the 90-day

---

[1] The motion was filed on behalf of Medstar Health, Inc., as well as Washington Hospital Center. However, on September 28, 2007, plaintiff filed a praecipe of dismissal as to Medstar Health Inc., and another defendant. Therefore, the motion is moot as to defendant Medstar Health, Inc.



notice period required by the statute. Plaintiff points out that there is no question that defendants received notice of the suit, and attaches a copy of a letter from the director of Claims Management of Medstar Health dated July 11, 2007, acknowledging receipt of the complaint. But the complaint had already been filed at that point.

Since the statute clearly provides that a medical malpractice action such as this cannot be commenced unless its requirements have been satisfied, and since they clearly were not satisfied here, defendant Washington Hospital Center's Motion to Dismiss for lack of subject matter jurisdiction pursuant to SCR Civ. R. 12(b)(1) must be granted. The dismissal, however, is without prejudice.[2]

Accordingly, it is this 26th day of October, 2007,

**ORDERED**, that defendant Washington Hospital Center Corporation's Motion to Dismiss is **GRANTED**.

---

Geoffrey M. Alprin
Associate Judge
(Signed In Chambers)

---

[2] The court is aware that, from the dates alleged in the complaint, there may be a statute of limitations issue in regard to any future action based on plaintiff's allegations. But the requirements of the statute are mandatory and must be applied here. To the extent that plaintiff seems to suggest that she made "a good faith effort to give the required notice," § 16-2802(a), the post-filing notice plaintiff gave is not the 90-day pre-filing "required" notice mandated by the statute. It seems rather to have been the traditional courtesy notice given by one lawyer to another, when a complaint has just been filed or is about to be filed. In the court's judgment, that notice does not excuse the failure to follow the statute here.
    The statute's requirement of a pre-filing notice period was designed to facilitate mediation and settlement of claims prior to the filing of the actual lawsuit. Moreover, the statute of limitations problem noted above would have been alleviated if the required procedure had been used, because the statute includes a section that tolls the limitations period during the notice period, § 16-2803.
    The court is mindful of the harsh result this decision entails. But the statute, specifically § 16-2802(c), supra, is unambiguous and mandatory. The court, after extended consideration, cannot discern a principled way to ignore it.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **REGINALD L. DIFFENDERFER,** | * | |
| **Plaintiff** | * | |
| v. | * | Case No. 1:08-cv-01338 (RJL) |
| **UNITED STATES OF AMERICA**, *et al.*, | * | |
| **Defendants**. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

Upon consideration of the Defendants' Motion To Dismiss and their Memorandum of Law in Support thereof, Plaintiff's Opposition, any Reply thereof, and good cause having been shown, it is this _____ day of _____, 2008 hereby,

**ORDERED**, that the Defendants' Motion To Dismiss is hereby **GRANTED**.

_____
Honorable Richard J. Leon
U.S. District Court Judge for the District of Columbia

Copies to:

Jeffrey J. Hines
Aaron L. Moore – Of Counsel
Goodell, DeVries, Leech and Dann, LLP
One South Street, 20th floor
Baltimore, Maryland  21202
**Attorneys for Defendants Verne Betlach,**
**Verne Betlach d/b/a Custom Rx Compounding**
**and Natural Pharmacy and Custom Rx**
**Compounding Pharmacy, Inc.**

Paul D. Raschke, Esquire
Law Offices of Peter G. Angelos
One Charles Center
100 North Charles Street
Baltimore, Maryland  21201
**Attorneys for Plaintiff**

Jeffrey A. Taylor
United States Attorney for
  The District of Columbia
Office of the United States Attorney
For the District of Columbia
Judiciary Center
555 Fourth Street, N.W.
Washington, D.C.  20530
**Attorneys for Co-Defendant USA**

Michael B. Mukasey
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C.  20530
**Attorneys for Co-Defendant USA**